UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                     Case No. 15-CR-231

SEVILLE ASHFORD,

          Defendant.

## ORDER

After completing a 38-month term of imprisonment for possessing a firearm after having been convicted of a felony, Seville Ashford began his three-year term of supervised release on January 9, 2020. (ECF No. 50 at 1.)

On March 17, 2022, a police officer observed a vehicle with heavily tinted windows parked in the lot of a shopping mall. (ECF No. 52-1 at 2.) Because the vehicle displayed only an out-of-state permit rather than a license plate, the officer decided to check the vehicle identification number (VIN) to see if the vehicle was stolen. (ECF No. 52-1 at 2.) In doing so the officer saw in the passenger's front door pocket a large plastic bag containing what appeared to be crack cocaine. (ECF No. 52-1 at 2-3.) A check of the VIN showed that there was no registered owner of the vehicle. (ECF No. 52-1 at 3.)

Officers opened the vehicle, searched it, and recovered five handguns: one under the driver's seat, one on the floor behind the driver's seat, one under the front passenger seat, and two in the glove box. (ECF No. 52-1 at 3.) One of the handguns was reported stolen. In the front passenger door pocket officers found a large bag containing suspected cocaine, crack cocaine, and heroin; a second bag containing suspected cocaine and crack cocaine; a digital scale; and a laser sight for a gun. (ECF No. 52-1 at 3.) Officers also found three cell phones. (ECF No. 52-1 at 3.)

Following the officers' search and recovery of the property from the vehicle, Ashford was arrested when he returned to the vehicle and entered the driver's seat. (ECF No. 52-1 at 3.) When he was arrested, officers found Ashford to have a large amount of cash with him. (ECF No. 52-1 at 4.)

Based on this arrest and other alleged violations of the conditions of his supervised release, on March 18, 2022, the Honorable J.P. Stadtmueller issued a warrant for Ashford's arrest. (ECF No. 42.) Ashford appeared before this court on March 24, 2022, and the court ordered Ashford detained. (ECF Nos. 45, 46.) On March 30, 2022, the court held a preliminary hearing and found "probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A).

On April 18, 2022, Ashford filed a motion to reopen the detention hearing. (ECF No. 50.) The court ordered the government to respond (ECF No. 51), and it has now done so (ECF No. 52).

Ashford notes that the court's detention decision was based largely on the allegations about what was found in the car. However, at the preliminary hearing the government focused instead on minor violations of Ashford's supervised release, including drug use, his failure to maintain employment, and missed treatment appointments. (ECF No. 50 at 2.) Ashford argues that the court, in deciding whether detention is appropriate, can rely only on the allegations for which the government has established probable cause at a preliminary hearing. (ECF No. 50 at 2-3.) Because none of the violations for which probable cause was established at the preliminary hearing merit detention, he must be released.

At a preliminary hearing relating to a supervised release violation the government must establish that "there is probable cause to believe that *a* violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A) (emphasis added). It need not establish that *every* violation alleged in the petition occurred. Probable cause of a single violation, even a minor technical violation, is sufficient to sustain the government's burden.

But there is an undeniable relationship between the preliminary hearing and detention; a defendant is afforded a preliminary hearing only if he is detained. Fed. R. Crim. P. 32.1(b)(1)(A). Ashford argues, in effect, that at a preliminary hearing the government must establish probable cause for the allegations that it relies upon to support detention.

With respect to detention, however, when the defendant is alleged to have violated the conditions of his supervised release, "[t]he burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]." Fed. R. Crim. P. 32.1(a)(6). The government need not establish probable cause of violent or dangerous conduct to sustain the defendant's detention; rather, it is the defendant's burden to negate such allegations, and to do so by clear and convincing evidence. To require the government to establish at a preliminary hearing probable cause for each of the allegations it relied on to support detention would impermissibly shift the burden to the government.

Merely because the government need not establish probable cause for all of its allegations at a preliminary hearing does not mean that the defendant has no opportunity to challenge the government's proffer. The Federal Rules and the Bail Reform Act are silent as to the process that must attend detention of a person accused of violating a condition of his supervised release. Nonetheless, it would seem appropriate to rely on 18 U.S.C. § 3142(f) whereby the defendant is "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." It is through these means that, at the detention hearing, not at a preliminary hearing, a defendant is afforded the opportunity to challenge the allegations that the government points to in support of detention.

4

Accordingly, although the government at the preliminary hearing presented probable cause of a different violation, the court may nonetheless rely on the allegation as to what was found in the car in determining whether Ashford has sustained his burden to prove that release is appropriate.

Ashford also argues, "Another new factor for the Court to consider is the procedural delay in Mr. Ashford's state case, which will further delay disposition in this matter." (ECF No. 50 at 4.) He notes that Judge Stadtmueller's standard practice is to delay holding a revocation hearing until related state charges are resolved. (ECF No. 50 at 4.) Given a backlog of cases in Milwaukee County Circuit Court, Ashford argues that it may take a long time before his state case is resolved. And if he is detained, and unable to work, it will be far more difficult for him to retain counsel in the state case. (ECF No. 50 at 4-5.)

Ashford is entitled to a revocation hearing "within a reasonable time." Fed. R. Crim. P. 32.1(b)(2). This guarantee provides sufficient protection against an unreasonably lengthy detention. But, more importantly, the likely length of detention is not a factor a court is permitted to consider under the finite list of factors set forth in 18 U.S.C. § 3142(g). *United States v. Colombo*, 777 F.2d 96, 100 (2d Cir. 1985); *see also Fassler v. United States*, 858 F.2d 1016, 1019 n. 4 (5th Cir. 1988); *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

Finally, in support of his argument that he ought to be released, Ashford points to evidence of his employment (an explanation for the cash that officers found with him), his efforts to start a business, and other pro-social conduct. (ECF No. 50 at 3-4.) He also points to the fact that he has several young children and another on the way, which he argues will incentivize his compliance with any conditions of release. (ECF No. 50 at 5.)

These assertions, however, are not new and do not merit reopening the detention hearing. *See* 18 U.S.C. § 3142(f). But, even if the court were to consider them, they would not support Ashford's release. These facts were no less true when he was arrested with drugs and five handguns in his car. If having several children apparently did not deter him from violating the conditions of his supervised release, they likely will not deter him in the future from any conditions of release that can be imposed. And while Ashford's employment, business efforts, and other pro-social conduct are undoubtedly positive, they are insufficient to carry his burden.

The allegations that he possessed controlled substances and five firearms while on supervised release following a conviction for unlawfully possessing a firearm strongly suggest that Ashford poses a danger to the community if released. Because Ashford has failed to show by clear and convincing evidence that he is not likely to pose a danger to any other person or the community, the court is required to order that he be detained. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1).

**IT IS THEREFORE ORDERED** that Ashford's motion to reopen the detention hearing (ECF No. 50) is **denied**.

Dated at Milwaukee, Wisconsin this 27th day of April, 2022.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge